UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALYSSA RUSSO,

       Plaintiff,

v.                         Case No: 2:23-cv-1120-JES-KCD

UNITED STATES OF AMERICA and
PROGRESSIVE SELECT INSURANCE
COMPANY,

       Defendants.

_____

**REVISED OPINION AND ORDER**

This matter comes before the Court on Progressive Select Insurance Company's Opposed Motion for Judgment on the Pleadings (Doc. #41) filed on July 2, 2024. Plaintiff filed a Response (Doc. #42) on July 23, 2024.

*I.*

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. [] We must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001) (internal citation omitted).

## *II.*

Accepting the factual allegations as true, the Amended Complaint (Doc. #34) alleges that on March 8, 2021, Alyssa Russo (plaintiff) was operating a red 2016 Jeep Cherokee when she was rearended by a white 2001 Ford van operated by Joshua Lee McFarland.  Mr. McFarland is a postal worker who was operating his vehicle in the course of his employment for the United States of America.  (Doc. #34 at ¶ 5.)  The United States admits that Mr. McFarland was acting within the scope of his duties when the accident occurred.  (Doc. #39 at ¶ 5.)  Plaintiff alleges that the Ford van was owned by the United States at the time of the collision, and the United States "avers the United States Postal Service owned the Fort FFV Mail Truck" involved in the accident. (Id. at 10.)  The United States also admits that Mr. McFarland had permission to use the Ford FFV when the accident occurred.  (Id. at 12.)

Progressive Select Insurance Company (Progressive or defendant) provided plaintiff uninsured motorist coverage at the time of collision and plaintiff is an "insured person."  (Id. at 13-14.)  The United States Postal Service is not uninsured, and judgments or settlements are paid under the Federal Tort Claims Act (FTCA).  (Doc. #39 at 11.)  Plaintiff alleges that Progressive must pay the damages she is legally entitled to recover from the United States of America as the owner of the uninsured motor

vehicle.  (Doc. #34 at 15.)  Progressive and the government deny these allegations.  (Doc. #39 & Doc. #40 at 15.)  Progressive disputes whether the policy provides coverage for the United States.  (Doc. #40 at 16.)

### III.

"The [Federal Tort Claims Act] FTCA was enacted to provide redress to injured individuals for ordinary torts recognized by state law but committed by federal employees." Zelaya, 781 F.3d at 1323.  "Plaintiffs cannot sue the United States unless the United States unequivocally has waived its sovereign immunity." Foster Logging, Inc. v. United States, 973 F.3d 1152, 1157 (11th Cir. 2020) (citing Zelaya v. United States, 781 F.3d 1315, 1323 (11th Cir. 2015)).  "The FTCA, in turn, waives sovereign immunity… [for] cases involving negligence committed by federal employees in the course of their employment." Id.  "[W]hile a federal employee's breach of a federally-imposed duty may bolster a FTCA claim, it cannot, on its own, create the duty that gives rise to that claim. That task falls to the applicable state jurisdiction." Zelaya, 781 F.3d at 1324.

### IV.

An exclusion under the policy provides that coverage does not apply to "any obligation for which the United States Government is liable under the Federal Tort Claims Act. This exclusion will apply only to the damages that are in excess of the minimum limits of

liability coverage required by the financial responsibility law of the state of Florida."  (Doc. #34-1, p. 13.)

Progressive argues that "the UM coverage can never be reached in this case because the United States through its sovereign immunity waiver in the Federal Tort Claims Act Provides unlimited coverage."  (Doc. #41 at ¶ 13.)  The Court finds that judgment on the pleadings is appropriate because the government specifically denies that it is uninsured, and that judgments or settlements are paid under the Federal Tort Claims Act.  (Doc. #39 at ¶ 11.)

Progressive "would owe no uninsured motorist benefits here because the FTCA provides <u>unlimited</u> liability coverage to injured tort victims."  <u>Rogers v. United States</u>, No. 14-21474-CIV, 2016 WL 4805920, at *4 n.4 (S.D. Fla. Feb. 24, 2016) (emphasis in original).  "Because the tortfeasor's liability limits would cover the amount of damages claimed by the injured party, the tortfeasor does not qualify as an uninsured or underinsured motorist under the clear language of the statute.... This conclusion is consistent with prior decisions from this court in which we have reversed judgments entered against UM insurers because the damages did not exceed the amounts available under the tortfeasors' liability coverages."  <u>Tursom v. United States</u>, No. 20-CV-20811, 2021 WL 3493207, at *6 (S.D. Fla. Aug. 9, 2021) (quoting <u>Neff v. Prop. & Cas. Ins. Co. of Hartford</u>, 133 So. 3d 530, 532 (Fla. 2d DCA 2013)).

Accordingly, it is hereby

**ORDERED:**

Progressive Select Insurance Company's Opposed Motion for Judgment on the Pleadings (Doc. #41) is **GRANTED** and Progressive Select is dismissed.  Finding no just cause for delay, the Court shall enter judgment in favor of Progressive and against plaintiff and terminate this defendant.

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of September 2024.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 5 -